**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**ANDREW ROLLISON**
6807 Locustview Drive
Huber Heights, Ohio 45424

       Plaintiff,

vs.

**SECRETARY OF THE AIR FORCE**
Barbara M. Barrett
1670 Air Force Pentagon
Washington, D.C. 20330-1670

       Defendant.

Case No.: 3:20-CV-390

Judge

**COMPLAINT WITH**
**JURY DEMAND**

Now comes Plaintiff Andrew Rollison ("Rollison") by his counsel, and for his Complaint against Defendant Secretary of The Air Force hereinafter referred to as "Defendant" states as follows:

## I.    PARTIES, JURISDICTION & VENUE

1.    This is an action for wrongful discharge predicated on repeated allegations by his supervisor and coworkers about his perceived sexual orientation, hostile work environment involving sexual assault, sexual harassment, privacy/civil rights violations and reprisal employment discrimination pursuant to the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973 and an appeal of the July 9, 2020 decision of the Merit System Protection Board, attached as Exhibit A.

2.    Plaintiff is a resident of Montgomery County, Ohio and a former employee of Defendant's Wright Patterson Air Force Base in Wright-Pat AFB, Ohio.

3.     Defendant Department of the Air Force has a base of operations at Wright Patterson Air Force Base and is Plaintiff's former employer.

4.     Jurisdiction in this Court is proper at least pursuant to the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973 and 5 U.S.C. §7703 (b)(2).

5.     Venue properly lies with the Southern District of Ohio pursuant to 29 U.S.C. §1132 (e)(2) because the acts herein complained of have occurred within this district.

6.     On or about July 8, 2020 the Merit Systems Protection Board issued a decision which, granted Plaintiff pursuant to 5 U.S.C. §7703 (b)(2) the right to bring this action in this Court no later than thirty days after the date the decision became final, which by language in the decision was August 13, 2020. Plaintiff has timely filed this Complaint.

## II.     FACTUAL BACKGROUND

7.     Plaintiff restates the previous allegations of paragraphs 1-6 herein.

8.     Plaintiff began employment with Defendant in June 2003 and was appointed as a Logistics Management Specialist in 2013.

9.     Beginning around 2017, Plaintiff became the subject of persistent and constant harassment by management officials and other employees based on outside factors being used by agency not affecting work performance

10.     One of the earlier incidents involved a supervisor sexually assaulting Plaintiff, pursuing sexual encounters by leaning over Plaintiff's desk in a sexually suggestive manner and also inviting Plaintiff over to his home which were all unwelcomed advances.

11.     In conjunction with paragraph 10, Plaintiff experienced inappropriate gestures from co-workers in a hallway at work.

2

12.    The above offensive conduct would continue over the next two years, including but not limited to Plaintiff being sexually assaulted, sexually accosted, subjected to numerous sexual comments and gestures, asked to watch a pornographic film, had three hearts drawn on his desk, was winked at, and had a coworker rub his foot against Plaintiff's foot.

13.    Plaintiff was also taunted and harassed about his attempts to take anti-harassment training and outside factors not affecting his work performance which led to stress, anxiety and depression. In particular, once in a bathroom stall at work, and then on several subsequent occasions, co-workers would randomly talk about Plaintiff's mental health issues and a medical condition that affected Plaintiff's partner.

14.    Soon after being diagnosed with his long term medical condition/disabilities, Defendant demoted Plaintiff and changed his job duties. Plaintiff suffers from stress anxiety, depression, and a psychiatric condition.

15.    Plaintiff reported all the matters set forth above to his collective bargaining representative who in turn notified Plaintiff's management organization. However the offensive behavior did not cease.

16.    While experiencing significant psychiatric side effects of medications, stress and workplace hostility, on or about August 18, 2019 Plaintiff, called off sick from work to recover and as Defendant alleges Plaintiff later called his immediate manager to resign and threatened him after work hours. Defendant cast doubt and uncertainty over this set of allegations against Plaintiff in their filing with the Merit Systems Protection Board. Plaintiff's medical condition/disability also casts doubt on these allegations as he has no memory of calling in a resignation or threatening the immediate manager. This happened withing a short time-frame of a

3

approximately a week after Plaintiff's immediate manager made a threatening gesture towards him in a weekly staff meeting in conjunction with outside parties.

17.     When Plaintiff next returned to work on August 20, 2019 after allegedly resigning and threatening his manager, he was detained by Defendant's police force, handcuffed, removed from the worksite, interviewed and placed on investigative leave without any indication later of the investigation's outcome or his employment status. Defendant failed to provide Plaintiff any union representation at that time, or an attorney violating Plaintiff's Weingarten and civil rights.

18.     Plaintiff's resignation was not voluntary and was medically driven and was part of a coercive campaign by the Defendant's management and arose out of the hostile work environment he was subjected to over the previous two plus years.

### III.     CLAIMS FOR RELIEF

*A. First Claim for Relief- Sex Discrimination Civil Rights Act of 1964, as amended*

19.     Plaintiff restates the previous allegations of paragraphs 1-18 of his Complaint.

20.     Plaintiff is protected from sex discrimination, by the Civil Rights Act of 1964, as amended.

21.     During his employment, Plaintiff was subjected to hostile treatment repeated allegation by his supervisor and coworkers about his perceived sexual orientation, which has predicated on his sex male.

22.     The offensive and hostile work environment concerns were not addressed by Defendant after Plaintiff brought his concerns to his union representatives.

23.     The continuing harassment along with deteriorating health of Plaintiff would eventually lead to Plaintiff's involuntary resignation.

24.     As a result of Defendant's unlawful termination, Plaintiff's mental health status has exacerbated towards a negative status, out of line with his normal health mood and Plaintiff has continued to suffer mental anguish, emotional distress and anxiety from being removed from employment and further reprisals by Defendant.

25.     Further, as a result of Defendant's unlawful termination, Plaintiff has also been damaged in the form of lost pay, plus the loss of associated fringe benefits, including disability retirement options a loss of seniority potential promotional opportunities and has incurred reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

*Retaliation, Civil Rights Act of 1964, as amended*

26.     Plaintiff restates the previous allegations 1-25 of his Complaint.

27.     After experiencing the persistent and repeated offensive and hostile treatment predicated on repeated allegations by his supervisor and coworkers about his perceived sexual orientation, Plaintiff brought forth his concerns to the attention of his collective bargaining representatives. Upon information and belief the union then brought these concerns to management's attention.

28.     However, Defendant took no reasonable steps to correct the problems Plaintiff was facing and rather took calculated actions which lead to his forced resignation.

29.     As a result of Defendant's unlawful termination, Plaintiff's mental health has exacerbated towards a negative outcome and Plaintiff now suffers mental anguish, emotional distress and anxiety.

30.     Further, as a result of Defendant's unlawful termination, Plaintiff has also been damaged

in the form of lost pay, plus the loss of associated fringe benefits, a loss of seniority, potential promotional opportunities, including disability retirement options, a loss of seniority and has incurred reasonable attorney fees.

### THIRD CLAIM FOR RELIEF

*Disability Discrimination, the Rehabilitation Act of 1973*

31.     Plaintiff restates the previous allegations 1-30 of his Complaint.

32.     Plaintiff is an individual with disabilities as described above and as such was and is a covered individual pursuant to the Rehabilitation Act of 1973.

33.     During his employment Plaintiff was subjected to hostile, offensive and cruel treatment predicated on repeated allegations by his supervisor and coworkers about his perceived sexual orientation, and mental health issues as previously described herein.

34.     The aforementioned treatment served to exacerbate his personal and mental health issues which in turn proximately resulted in his involuntary resignation herein.

35.     As a result of Defendant's unlawful termination, Plaintiff's mental health disabilities were exacerbated and Plaintiff has continued to suffer mental anguish, emotional distress and anxiety.

36.     Further, as a result of Defendant's unlawful termination, Plaintiff has also been damaged in the form of lost pay, plus the loss of associated fringe benefits, potential promotional opportunities, a loss of seniority and has incurred reasonable attorney fees.

### FOURTH CLAIM FOR RELIEF

*Possible Transfer to US Court of Appeals for the Federal Circuit*

37.     Plaintiff restates the previous allegations 1-36 of his Complaint.

38.     Plaintiff believes this Court has jurisdiction over his Complaint pursuant to the provisions

6

of 5 U.S.C. §7703 (b)(2) as set forth at page 11 of the attached MSPB decision.

39.    However, and recognizing that the applicability of the associated rules and regulations governing these actions are complex and overly complicated, Plaintiff requests that if this Court later decides that it lacks subject matter jurisdiction of Plaintiff's claims that it transfer this case to the U.S. Court of Appeals for the Federal Circuit.

## IV.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant Secretary of the Air Force and prays for the following relief:

A.    For reinstatement to employment at Defendant's Wright Patterson Air Force Base facility;

B.    Back pay and lost benefits in excess of $100,000;

C.    Front pay and lost benefits including the right to a disability medical retirement in excess of $100,000 if reinstatement is not awarded;

D.    Pre and post judgment interest;

E.    Reasonable attorney fees and statutory damages, plus costs;

F.    Compensatory damages in excess of $100,000; and

G.    Such other relief as this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

**/s/ David M. Duwel**
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH:    (937) 297-1154
FAX:   (937) 297-1152

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

**/s/ David M. Duwel**
Attorney at Law