**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANDREW ROLLISON, | ) | |
| | ) | Civil Action No. 3:20-cv-00380-MJN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Michael J. Newman |
| | ) | |
| BARBARA M. BARRETT, Secretary, | ) | |
| U.S. Department of the Air Force, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(1) AND FED. R. CIV. P.  12(B)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant moves this Court
for an Order dismissing Plaintiff's Complaint (ECF No. 1) against Defendant
Barbara M. Barrett, Secretary of the United States Air Force. As further explained
in the accompanying memorandum in support, the Complaint is subject to complete
dismissal because: (1) this Court lacks jurisdiction over Plaintiff's whistleblower
Individual Right of Action appeal, which is reviewable exclusively in the Federal
Circuit; and (2) with respect to Plaintiff's remaining Title VII and Rehabilitation
Act claims, Plaintiff failed to exhaust administrative remedies before filing this
lawsuit.

Respectfully Submitted,

DAVID M. DEVILLERS
United States Attorney

s/Jade K. Smarda
_____
JADE K. SMARDA (0085460)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 463-4638
E-mail: jade.smarda@usdoj.gov
***Trial Attorney for Defendant***

## MEMORANDUM IN SUPPORT

Plaintiff, Andrew Rollison, a former civil service employee of the United States Air Force ("agency"), filed this lawsuit asserting wrongful termination and retaliation stemming from purported whistleblowing activity. (ECF No. 1, PageID# 1.) In addition, he asserts that the agency subjected him to discrimination actionable under Title VII and the Rehabilitation Act. (*Id.*) Defendant accepts Plaintiff's allegations as true only for purposes of challenging their sufficiency.

This Court should dismiss Plaintiff's Complaint (ECF No. 1) in its entirety under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for two reasons:

First, as Plaintiff's Complaint predicts (ECF No. 1, PageID# 7), this Court lacks jurisdiction over Plaintiff's petition for review of his Individual Right of Action ("IRA") appeal. Jurisdiction over IRA appeals to the Merit Systems Protection Board ("MSPB"), unlike "mixed case" appeals, does not lie in District Court. *Young v. MSPB*, 961 F.3d 1323, 1328 (Fed. Cir. 2020). The only proper judicial forum for appealing a whistleblower retaliation complaint made to the MSPB is the Federal Circuit, or another circuit court of competent jurisdiction. *Id.* Plaintiff's assertion that jurisdiction is proper in this forum is predicated on the mistaken assumption that his appeal before the MSPB qualifies as a "mixed case" under 5 U.S.C. § 7703(b)(2). It does not. Federal Circuit caselaw makes clear that IRA appeals—governed by a separate body of law and procedure—can never be "mixed cases" reviewable in the District Court. *Young*, 961 F.3d at 1327. As such, this Court lacks jurisdiction and it should dismiss the portion of Plaintiff's Complaint appealing the MSPB's final decision.

Second, Plaintiff's remaining Title VII and Rehabilitation Act claims should likewise be dismissed because the Plaintiff failed to exhaust administrative remedies. Plaintiff never filed a formal EEO complaint before, during, or after his employment. Plaintiff has not complied with the mandatory prerequisites to sue under Title VII and the Rehabilitation Act, and therefore these claims should be dismissed.

Accordingly, because Plaintiff requests review of an IRA appeal in the wrong forum and because he failed to administratively exhaust remedies for the remaining claims, Defendant requests an Order from this Court dismissing Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## I.    PROCEDURAL HISTORY

### A.  OSC Complaint and Proceedings before Merit Systems Protection Board

Plaintiff worked as a logistics management specialist at Wright-Patterson Air Force Base until his resignation in August of 2019. (ECF No. 1, ¶¶ 8,17, PageID# 2, 4.) After his departure from the agency, in a complaint to the Office of Special Counsel ("OSC") and a subsequent Individual Right of Action ("IRA") appeal to the Merit Systems Protection Board ("MSPB"), Plaintiff asserted his resignation was involuntary and he was removed for protected whistleblowing. *See Rollison v. U.S. Air Force*, No. CH*-1221-20-0357-W-1 (M.S.P.B. Jul. 9, 2020) (ECF No. 1-1, PageID## 11-12). Plaintiff premised his whistleblowing allegations on alleged discrimination, but never filed a complaint with the EEO before, during, or after complaining to the OSC.  (ECF No. 1-1, PageID# 12.)

3

An MSPB administrative judge dismissed the appeal because Plaintiff failed to demonstrate that he made a protected disclosure under the Whistleblower Protection Act.[1] (*Id.* at PageID## 10-13.) The administrative judge reasoned, "[i]importantly, the appellant has not identified by name, or otherwise[,] anyone he made a disclosure to other than the OSC." (*Id.* at PageID# 12.) The administrative judge further reasoned that "[a]ll the alleged personnel actions took place prior to the [Plaintiff's] contact with the OSC." (*Id.*) Absent evidence of a qualifying disclosure, the MSPB judge dismissed the case for lack of jurisdiction. (*Id.* at PageID# 13.)

The MSPB's Initial Decision informed Plaintiff of his right to petition for full Board review and provided that the Initial Decision would become final on August 13, 2020 if no petition was filed. (*Id.* at PageID# 14.) The Initial Decision also included a notice to Plaintiff regarding further review of his case. (*Id.* at PageID## 19-21). The notice detailed how to request review before the U.S. Court of Appeals for the Federal Circuit; how to seek judicial review of discrimination and other claims in an appropriate United States District Court pursuant to 5 U.S.C. § 7703(b)(2); and how to seek judicial review of whistleblower claims before the Federal Circuit or any court of appeals of competent jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(B). (*Id.*)

Because neither party filed an administrative petition for review of the decision with the full Board, the administrative judge's decision became the MSPB's final

---

[1] The administrative judge found "…while the [Plaintiff] describes incidents of alleged sexual harassment and a hostile work environment, he acknowledges he did not report the incidents to the agency …" (ECF No. 1-1, PageID# 12.)

decision on August 13, 2020. (*Id.* at PageID# 14.) This lawsuit was filed on September 14, 2020.

### B. United States District Court Complaint

Plaintiff filed this lawsuit petitioning for review of the MSPB's final decision and asserting claims under Title VII and the Rehabilitation Act. (ECF. No. 1, ¶1, PageID# 1) ("This is action for wrongful discharge…and an appeal of the July 9, 2020 decision of the Merit System Protection Board").) Plaintiff asserts jurisdiction is proper in this court under 5 U.S.C. § 7703(b)(2) and points to the notice attached to the MSPB's final decision as justification for that position. (*Id.*, ¶6, 38, PageID## 2, 7.) Plaintiff also asserts, as a cause of action, a potential transfer to the U.S. Court of Appeals for the Federal Circuit if jurisdiction is not proper in this Court. (*Id.*, ¶¶37-39, PageID## 6-7.)

## II. LEGAL STANDARD

### A. Motion to Dismiss Standard under 12(b)(1)

A District Court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir 2015).

### B. Motion to Dismiss Standard under 12(b)(6)

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court will accept as true the facts as the plaintiff has pleaded them. *Han v. Univ. of Dayton*, 541 F. App'x 622, 628 (6th Cir. 2013). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which

requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 44, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (citations and internal quotation marks omitted)). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.") (emphasis in original).

When ruling on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider documents—such as the MSPB decision (ECF No. 1-1) attached to the Complaint—other than the pleadings that are referenced in the complaint and that are central to the claims without converting the motion to dismiss into a motion for summary judgment. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.    ARGUMENT

  A. This Court Lacks Jurisdiction over Plaintiff's IRA Appeal as it is not a
     "Mixed Case" Subject to Review under 5 U.S.C. § 7703(b)(2)

A Plaintiff may file a petition for review of a MSPB final decision in U.S.
District Court under 5 U.S.C. §7703(b)(2) only if it qualifies as a "mixed case."
*Fuerst v. Sec'y of the Air Force*, 978 F.3d 369, 371 (6th Cir. 2020). Generally,
jurisdiction over the review of a final MSPB decision lies in the Federal Circuit. *Id.*
(stating that "[in] general, judicial review of [MSPB] decisions is the job of the
Federal Circuit—and only the Federal Circuit."). The single exception to this
general rule of circuit court review are "cases of discrimination" described in 5
U.S.C. § 7702(a)(1). *Id.* These so-called "mixed cases" are those in which the
employee "complains of a personnel action serious enough to appeal to the MSPB
*and* alleges that the actions was based on discrimination." *Perry v. MSPB*, 137 S.
Ct. 1975, 1980 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44-45 (2012)
(emphasis in original); *see also* 29 C.F.R. §1614.302(a)(2) (defining mixed case
appeals). Only MSPB appeals meeting both of these requirements are reviewable in
U.S. District Court. *Fuerst*, 978 F.3d at 371 (stating "a mixed case must be based on
an action that is (1) appealable to the Board, and (2) motivated in part by
discrimination").

IRA whistleblower appeals—like the one at issue here—do not qualify as
"mixed cases" subject to district court review as a matter of law. *Young v. MSPB*,
961 F.3d 1323, 1328 (Fed. Cir. 2020) (holding that "[t]he assignment of judicial
review of mixed cases, as provided in 5 U.S.C. 7703(b)(2), has no application to
petitions for review in Individual Right of Action (IRA) cases."). In *Young*, the

plaintiff attempted to frame her allegations as whistleblower claims, but premised

the whistleblower claims on acts of discrimination and failure to accommodate.

*Young v. MSPB*, 961 F.3d 1323, 1329-30 (Fed. Cir. 2020).  The Federal Circuit

considered the exact issue currently before the court, *i.e.*, whether a district court

has jurisdiction over a petition for review of an IRA whistleblower appeal in which

discrimination is raised. *Id.* at 1328.  The Federal Circuit concluded it did not. *Id.*

The court held that, under the statute and the definition accepted by the Supreme

Court, IRA appeals are not mixed cases as a matter of law. *Id.* It explained that IRA

appeals (no matter how a plaintiff frames them) are "by definition" not mixed cases

because in an IRA appeal, in contrast to mixed cases, "…the Board's review is

limited to the merits of allegations of violations of the Whistleblower Protection Act.

Discrimination claims may not be raised in that context." *Id.* at 1327. Thus, IRA

appeals involve a far more limited inquiry—only whether a given personnel action

was in retaliation for protected whistleblowing, not whether it was discriminatory.

*See Marren v. Dep't of Justice*, 51 M.S.P.R. 632, 638-39 (1991), aff'd 980 F.3d 745

(Fed. Cir. 1992) ("Without the authority to adjudicate the merits of the underlying

personnel action in an IRA complaint, the Board also lacks the authority to decide

the merits of an allegation of prohibited discrimination raised in conjunction with

an IRA whistleblower appeal."). Therefore: (1) the IRA appeal framework precludes

claims of discrimination; and (2) as a consequence, § 7703(b)(2)—the mixed case

exception—does not confer U.S. District Court jurisdiction over such appeals.

Here, there is no dispute that Plaintiff brought an IRA appeal to the MSPB.

(ECF No. 1-1, PageID# 9) (stating "On May 7, 2020, [Plaintiff] timely filed an

Individual Right of Action (IRA) Board appeal alleging the agency retaliated against

him for whistleblowing.").) In addition, there is no dispute Plaintiff's instant lawsuit

seeks review of the MSPB administrative judge's dismissal of his IRA appeal. (ECF

No. 1, ¶1, PageID# 1) ("This is action for wrongful discharge…and an appeal of the

July 9, 2020 decision of the Merit System Protection Board").) The only issue before

the Court with respect to Plaintiff's whistleblower complaint, therefore, is whether

Plaintiff has a right to pursue this claim in U.S. District Court under § 7703(b)(2).

And, as to that issue, *Young* holds IRA appeals are not subject to review in this

forum and therefore dismissal of Plaintiff's whistleblower complaint is warranted

for want of jurisdiction. 961 F.3d at 1327; *see also Stella v. Mineta*, 284 F.3d 135,

142 (D.C. Cir. 2002) (stating "[u]nder no circumstances does the WPA grant the

District Court jurisdiction to entertain a whistleblower cause of action brought

directly before it in the first instance.").

    B.  <u>Plaintiff Failed to Exhaust Administrative Remedies</u>

      Plaintiff's remaining claims, all premised on alleged violations of Title VII

and the Rehabilitation Act, likewise warrant dismissal because he has not

exhausted administrative remedies. "Exhaustion of administrative requirements is

a precondition to filing a Title VII suit." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th

Cir. 2008) (citations omitted). Administrative exhaustion requirements include:

consultation with an EEO counselor within forty-five days of the allegedly

discriminatory incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of

discrimination, 29 C.F.R. § 1614.106(a); and receipt of a final agency decision and/or

right to sue letter, 29 C.F.R. § 1614.110(a). A plaintiff must accomplish these steps

in order to sue under Title VII. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).

These administrative exhaustion requirements apply equally to Rehabilitation Act

claims. *Smith v. U.S. Postal Serv.*, 742 F.2d 257, 262 (6th Cir. 1984) (concluding

that the Rehabilitation Act requires the same exhaustion of remedies as Title VII).

*Accord*: *Sanders v. Postmaster Gen.*, No. 2:19-cv-2566, 2020 U.S. Dist. LEXIS

124023, at *11 n.6 (S.D. Ohio July 15, 2020).

Here, Plaintiff concedes he did not report the alleged discrimination for which

he now sues. *Rollison v. U.S. Air Force*, No. CH*-1221-20-0357-W-1 (M.S.P.B. Jul. 9,

2020). (ECF No. 1-1, PageID#12) (stating "[u]nfortunately while the [Plaintiff]

describes incidents of alleged sexual harassment and a hostile work environment,

he acknowledges that he did not report the incidents to the agency…").) Nor did he

file a discrimination complaint with the EEO. (*Id.* (stating "[Plaintiff] further

explained he did not know or had forgotten the time limits and did not file an EEO

complaint.).)[2]

---

[2] Cloaking his IRA appeal in the language of a discrimination claim does not satisfy administrative exhaustion requirements for those discrimination claims. The MSPB neither considered nor decided Plaintiff's Title VII and Rehabilitation Act claims. Indeed, it lacked the authority to do so and the Plaintiff himself was barred from raising them *See* 5 C.F.R. 1209.2(c) (stating that, in an IRA appeal, the appellant may not raise affirmative defenses, such as claims of discrimination or harmful procedural error"). As indicated *supra*, Part III(A), in an IRA appeal, the MSPB has no authority to evaluate whether the personnel action taken was the result of discrimination, but may only consider whether: the appellant engaged in protected whistleblowing; the agency took the personnel action in reprisal for the protected whistleblowing; and the agency would have taken the action regardless of the whistleblowing. 5 U.S.C. § 1221(e); *see also* 5 C.F.R. 1209.2(c) ("In an individual right of action appeal, the only merits issues before the Board are those listed in 5 U.S.C. 1221(e)" [which excludes discrimination]).

Accordingly, because the record uniformly demonstrates Plaintiff did not file an EEO complaint before bringing suit, this Court should dismiss Plaintiff's Title VII and Rehabilitation Act claims for failure to exhaust administrative remedies.

## IV.    CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Specifically, this Court should dismiss the IRA appeal for lack of jurisdiction or, in the alternative, transfer it to the Federal Circuit.  The remainder of his claims should be dismissed because he failed to exhaust administrative remedies.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney


s/Jade K. Smarda
JADE K. SMARDA (0085460)
Assistant United States
Attorney 200 West Second
Street, Suite 600
Dayton, Ohio 45402
Office: (937) 463-4638
Fax: (937) 225-2564
E-mail: jade.smarda@usdoj.gov

*Attorney for Defendant*