# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANDREW ROLLISON,

    Plaintiff,

vs.

JOHN P. ROTH, Acting Secretary,
U.S. DEPARTMENT OF THE AIR FORCE,

    Defendant.

Case No. 3:20-cv-380

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. NO. 5); (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIMS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case is before the Court on Defendant's motion to dismiss. Doc. No. 5. Plaintiff filed an opposition memorandum (Doc. No. 9) and Defendant replied (Doc. No. 11). Defendant's motion is now ripe for review.

**I.**

Plaintiff, a former civil service employee of the United States Air Force ("Air Force"), alleges he was forced to resign after reporting he was the victim of workplace sexual harassment. Doc. No. 1 at PageID 2. Upon resigning, Plaintiff filed a complaint with the Air Force Office of Special Counsel and later brought a Whistleblower Individual Right of Action ("IRA") appeal to the Merit Systems Protection Board ("MSPB"). Doc. No. 1-1 at PageID 9, 11–12; *see also* 5 U.S.C. § 1221 (providing that an employee who suffered negative personnel action "as a result of a prohibited personnel practice described in section [5 U.S.C. §] 2302(b)(8) . . . [may] seek corrective action from the [MSPB]"); 5 U.S.C. § 2302(b)(8)(A)(i) (prohibiting a federal employer from taking or threatening an adverse employment consequence because of the employee's

"disclosure of information by an employee . . . which the employee . . . reasonably believes evidences any violation of any law, rule, or regulation"). Plaintiff did not consult with the Equal Employment Opportunity office ("EEO") about his allegations. Doc. No. 1-1 at PageID 12; Doc. No. 9 at PageID 51.

Plaintiff argued to the MSPB that he was removed from his job for engaging in protected whistleblowing activity. Doc. No. 1-1 at PageID 12. An MSPB Administrative Law Judge, however, found Plaintiff failed to establish a nonfrivolous claim of whistleblower retaliation and was not entitled to a hearing. *Id.* at PageID 13. A notice attached to the MSPB's decision advised Plaintiff of his right to appeal a final MSPB order to the United States Court of Appeals for the Federal Circuit. *Id.* at PageID 18–19.

Plaintiff did not pursue an appeal in the Federal Circuit. He instead filed a complaint in this Court seeking review of the MSPB's decision and alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and the Rehabilitation Act, 29 U.S.C. § 794(a). Doc. No. 1 at PageID 4–7. Defendant now moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Doc. No. 5.

## II.

Challenges to the Court's subject-matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual attacks. *See McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). "'A facial attack on the subject-matter jurisdiction' -- like the one Defendant makes here -- 'questions merely the sufficiency of the pleading.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)) (cleaned up). The Court accepts the allegations in the complaint as true against a facial attack. *Cooper v. Rapp*, 702 F. App'x 328, 331 (6th Cir. 2017).

The Court also assumes the veracity of the complaint under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Defendant argues Plaintiff's complaint should be dismissed because only the Federal Circuit has subject matter jurisdiction to hear IRA claims, and he failed to exhaust available administrative remedies before suing under Title VII and the Rehabilitation Act. Doc. No. 5 at PageID 41–45. Plaintiff believes subject matter jurisdiction exists in this Court because his IRA claim presents a "mixed case" over which this Court has jurisdiction under 5 U.S.C. § 7703(b)(2) and that equitable tolling should excuse his decision not to first pursue his discrimination charge through appropriate administrative channels. Doc. No. 9 at PageID 50. The Court will review the parties' arguments in turn.

**A.**

The Civil Service Reform Act ("CSRA") "establishes a framework for evaluating personnel actions taken against federal employees." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). When a "particularly serious" action occurs, "for example, a removal from employment or a reduction in grade or pay," "the affected employee has a right to appeal the agency's decision to the MSPB." *Id.* An appeal might contest whether the agency's action was justified under the CSRA or contend that the adverse decision was made, in whole or in part, in violation of the federal discrimination laws. *See* 5 U.S.C. § 7702(a)(1) (providing that a federal employee who alleges that the basis for an adverse employment decision was discriminatory may appeal to the MSPB);

3

*Perry v. Merit Sys. Protection Bd.*, __ U.S. __, 137 S. Ct. 1975, 1980 (2017).  Section 7703 of the CSRA provides that final MSPB decisions are appealable to the Federal Circuit.  5 U.S.C. § 7703(b)(1).  "Cases of discrimination" -- or so-called "mixed cases" -- are exempted from this general rule and are reviewable in a federal district court.  5 U.S.C. § 7703(b)(2); *Kloeckner*, 568 U.S. at 46.

Federal employees with mixed cases have divergent procedural paths.  An employee "may first file a discrimination complaint with the agency itself" in the agency's EEO.  *Kloeckner*, 568 U.S. at 45.  The employee can appeal an adverse ruling to the MSPB or sue the agency in district court.  *Id.* at 45–46.  "Alternatively, the employee may initiate the process by bringing her case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges."  *Id.* at 45.  A federal employee may appeal their mixed case to the district court whether the agency dismissed the case on substantive, procedural, or jurisdictional grounds.  *Perry*, 137 S. Ct. at 1985; *Kloeckner*, 568 U.S. at 56.

Plaintiff argues he presents a mixed case -- like the federal employees in *Kloeckner* and *Perry* -- that this Court has jurisdiction to review.  Doc. No. 9 at PageID 51.  He is incorrect.  Plaintiff brought a different type of CSRA claim than the *Kloeckner* and *Perry* plaintiffs: a whistleblower IRA.  5 U.S.C. § 1221(a); 5 U.S.C. § 2302(b)(8); 5 U.S.C. § 7703(b)(1)(B).  Appeals taken from MSPB IRA decisions are governed by 5 U.S.C. § 7703(b)(1)(B) and, as a result, jurisdiction over IRA appeals lies in the Federal Circuit, not the federal district courts.  *See Zachariasiewicz v. U.S. Dep't of Justice*, 395 F. Supp. 3d 734, 739 (E.D. Va. 2019) (concluding that IRA appeals to the MSPB are statutorily separate from, and follow a different procedural path than, affirmative claims of discrimination).

The Federal Circuit dealt with the same distinction -- between IRA claims involving discrimination and mixed cases -- in *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1327 (Fed. Cir. 2020). There, the plaintiff alleged she was terminated for reporting time-and-attendance violations and a hostile work environment. *Id.* at 1325. The MSPB found that she did not state a non-frivolous claim and her allegation -- that her employer retaliated against her for filing an EEO complaint -- did not give the MSPB jurisdiction over her IRA claim. *Id.* at 1326. On appeal, the Federal Circuit ordered the parties to show cause whether its jurisdiction over the plaintiff's appeal was affected by the Supreme Court's *Perry* decision. *Id.* at 1326–27. The plaintiff argued she presented a mixed case reviewable by a federal district court, while the MSPB contended *Perry* does not apply to IRA appeals. *Id.* at 1327.

The Federal Circuit agreed with the MSPB because *Perry* dealt with appeals taken under 5 U.S.C. § 7703(b)(2), while IRA appeals are governed by 5 U.S.C. § 7703(b)(1)(B). *Id.* Section 7703(b)(1)(B) provides that MSPB IRA decisions may be reviewed by "the Federal Circuit or any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(b)(1)(B). That subsection is not among the "interwoven statutory provisions," which mixed cases fall under, at issue in *Perry* and *Kloeckner*. *Young*, 961 F.3d at 1327 (quoting *Kloeckner*, 568 U.S. at 46).

*Young* also made clear that IRA claims can *never* be mixed cases. *Id.* at 1328. This is because the MSPB's review is "limited to the merits of allegations of violations of the Whistleblower Protection Act." *Id.* at 1327 ("[I]n an IRA appeal the 'appellant may not raise affirmative defenses, such as claims of discrimination or harmful procedural error'") (quoting 5 C.F.R. § 1209.2(c)). Section 7703(b)(1)(B), therefore, is the exclusive avenue -- and the Federal Circuit is the exclusive forum -- for plaintiffs seeking judicial review of an unfavorable MSPB IRA decision. *Id.* at 1327–28 (concluding the Federal Circuit had jurisdiction over the plaintiff's

IRA appeal because a petition was properly made under 5 U.S.C. § 7703(b)(1)(B)). For that reason, this Court does not have jurisdiction over Plaintiff's MSPB appeal.

B.

Plaintiff's remaining Title VII and Rehabilitation Act claims also warrant dismissal. Doc. No. 1 at PageID 4–7. A plaintiff must exhaust administrative remedies before filing an employment discrimination case in federal court. *See, e.g.*, *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (explaining the administrative requirements for a federal employee under Title VII); *Smith v. U.S. Postal Serv.*, 742 F.2d 257, 262 (6th Cir. 1984) (explaining that a federal employee is required to exhaust administrative remedies before filing suit pursuant to the Rehabilitation Act). This requires the government employee to meet with an EEO counselor within 45 days of the discriminatory incident, 29 C.F.R. § 1614.105(a)(1); file a complaint with the discriminatory agency, 29 C.F.R. § 1614.106(a); and receive a final agency decision, 29 C.F.R. § 1614.110(a).

Plaintiff concedes he took none of these steps. Doc. No. 9 at PageID 51. He instead argues that the negative health consequences caused by the allegedly hostile work environment prevented him from satisfying the administrative preconditions.[1] *Id.* The Court, however, finds this insufficient to excuse his non-compliance.

Equitable tolling in the Title VII context is used "only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts look at five factors before relaxing the requirement to exhaust administrative remedies: "(1) whether the plaintiff had actual notice of the time restraint; (2) whether she had constructive notice of the time restraint; (3) the degree of

---

[1] Plaintiff also argues that he brings his Title VII and Rehabilitation Act claims as part of, and not separate from, his MSPB appeal. Doc. No. 9 at PageID 51. If that were the case, 5 U.S.C. § 7703(b)(1)(B) forecloses his strategy. *Young*, 961 F.3d at 1327.

diligence exerted in pursuing her rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). Plaintiff bears the burden of proving equitable tolling applies. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Plaintiff has not explained how the relevant factors apply here nor cited any case law in support of his argument. Doc. No. 9 at PageID 51. Moreover, the Court cannot discern from Plaintiff's complaint if his failure to seek out an EEO counselor was in part due to employer interference. *See, e.g.*, *3799 Mill Run Partners, LLC v. City of Hilliard*, 839 F. App'x 948, 951 (6th Cir. 2020) (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)) ("The most common situation calling for equitable tolling involves some affirmative representation or action by the employer that causes an employee to miss a filing deadline"). Therefore, Plaintiff has not shown that equitable tolling applies in this instance.

### III.

For the foregoing reasons, the Court (1) **GRANTS** Defendant's motion to dismiss; (2) **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims; and (3) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   June 23, 2021                             s/Michael J. Newman
                                                  Hon. Michael J. Newman
                                                  United States District Judge